**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Manuel Melendez,<br><br>    Petitioner<br><br>v.<br><br>Dwight Neven, et al.,<br><br>    Respondents | 2:15-cv-02076-JAD-VCF<br><br>**Order Appointing Counsel and Setting Deadlines** |

Because the Federal Public Defender has entered an appearane on behalf of the petitioner (ECF No. 40), IT IS HEREBY ORDERED that the Federal Public Defender, through T. Kenneth Lee, Esq., is appointed as counsel for petitioner Manuel Melendez under 18 U.S.C. § 3006A(a)(2)(B). Mr. Lee will represent Melendez in all federal proceedings related to this matter, including any appeals of certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that Melendez will have until March 8, 2018, to oppose respondents' pending dismissal motion (ECF No. 16) or to notify the Court that he intends to file an amended petition or seek other appropriate relief, in which case the dismissal motion will be denied without prejudice. If Melendez chooses to amend his petition or seek other appropriate relief, he must do so by June 6, 2018. This deadline and any extensions of it may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Melendez at all times remains responsible for calculating the limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. So, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations.[1]

IT IS FURTHER ORDERED that, if Melendez files an amended petition, respondents will have 60 days from the date of service to respond to it—even by motion to dismiss.

---

[1] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

1 | Melendez will then have 30 days from the date of service of the answer to reply. And Local Rule
2 | LR 7-2(b) governs the scheduling for responses and replies to motions filed by either party,
3 | including motions filed in lieu of pleadings.

4 | IT IS FURTHER ORDERED that any procedural defenses raised by respondents to the
5 | counseled amended petition must be raised together in a single, consolidated motion to dismiss.
6 | Successive motions to dismiss will not be entertained, and any procedural defenses omitted from
7 | the consolidated motion to dismiss will be waived. Respondents may not file a response that
8 | consolidates their procedural defenses, if any, with their response on the merits. But arguments
9 | that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If
10 | respondents do seek dismissal of unexhausted claims under § 2254(b)(2) they must: (1) do so in a
11 | single motion to dismiss, not in the answer; and (2) specifically direct their argument to the
12 | standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*.[2] Basically, no
13 | procedural defenses, including exhaustion, may be included with the merits in an answer. All
14 | procedural defenses, including exhaustion, must be raised in a single dismissal motion.

15 | IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must
16 | specifically cite to and address the applicable state-court-written decision and state-court-record
17 | materials, if any, regarding each claim within the response as to that claim.

18 | IT IS FURTHER ORDERED that any state-court record and related exhibits filed by
19 | either party must be filed with a separate exhibit index identifying the exhibits by number. The
20 | CM/ECF attachments that are filed must then be identified by the corresponding indexed
21 | identifying number. If the filed exhibits span more than one ECF Number in the record, the first
22 | document under each successive ECF Number must be either: (1) another copy of the index, (2) a
23 | volume cover page, or (3) some other document serving as a filler, so that each exhibit under the
24 | ECF Number will be listed under an attachment number. For example, the filler page would be
25 | filed as ECF No. 1, and the exhibits would be filed as ECF No. 1-1, 1-2, 1-3, etc. And if there
26 | are more exhibits than can be attached to ECF No. 1, then ECF No. 2 would be a filler page with

---

[2] *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

the exhibits as ECF Nos. 2-1, 2-2, 2-3, etc.

    IT IS FURTHER ORDERED that the hard copy exhibits filed by either party must be delivered to the **RENO Clerk's Office**.

    DATED: February 6, 2018.

_____
U.S. District Judge Jennifer A. Dorsey