# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Manuel Melendez,

    Petitioner

v.

Dwight Neven, et al.,

    Respondents

Case No.: 2:15-cv-02076-JAD-VCF

**Order Granting Motions for Leave to File a First- and Second-Amended Petition; and Denying as Moot Respondents' Motion to Dismiss**

[ECF Nos. 16, 42, 43]

    I previously granted petitioner Manuel Melendez's motion for appointment of counsel and appointed the Federal Public Defender to represent him in his pursuit of a writ of habeas corpus under 28 U.S.C. § 2254.[1] I also directed Melendez to respond to the pending dismissal motion or file a notice that he intends to amend his petition.[2] Melendez intends to amend his petition, and he moves for leave to file a first-amended petition and, potentially, a second-amended petition after his counsel has had an opportunity to investigate Melendez's claims.[3]

    Basically, Melendez wants to file an initial, counseled amended petition, preserving all then-known claims and avoiding relation-back issues, and he wants preemptive leave to file a potential second-amended petition after his newly appointed counsel has had a full opportunity to investigate all of his claims. This two-step process has been authorized before in this district,[4] and I find that it is appropriate in this case.

---

[1] ECF Nos. 39, 41.

[2] ECF No. 41.

[3] ECF Nos. 42, 43.

[4] *See, e.g.*, *McMahon v. Neven*, Case No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev. May 29, 2014) (approving and explaining the court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period may expire before federal habeas counsel would be able to conduct a complete investigation). I express no opinion as to the putative expiration date of the limitation period in this case.

1

Accordingly, IT IS HEREBY ORDERED that Melendez's motions for leave to file a first-amended petition **[ECF No. 42]** and for leave to file a second-amended petition **[ECF No. 43] are GRANTED**.

The **Clerk of Court** is directed to **DETACH and FILE Melendez's first-amended petition [ECF No. 42-21].**

IT IS FURTHER ORDERED that Melendez has **until June 8, 2018, to file a second-amended petition.** I make no implied finding regarding the expiration of the federal limitation period or a basis for tolling until this deadline. Melendez at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established in this order. By setting a deadline to amend the petition, I make no finding or representation that the petition, its amendments, or its claims are not subject to dismissal as untimely.[5]

IT IS FURTHER ORDERED that respondents' motion to dismiss the original petition **[ECF No. 16] is DENIED as moot in light of this order.**[6]

IT IS FURTHER ORDERED that respondents **DO NOT yet have to respond to the first-amended petition.** If Melendez files a second-amended petition, respondents will have **60 days from the date of service to respond to it.** If Melendez chooses not to file a second-amended petition, then respondents will have until **August 6, 2018, to respond to the first-amended petition.** Melendez will have 30 days from the date of service of a response to reply. The local rules govern the briefing schedule for all motions, including motions that are filed in lieu of a pleading.

Dated: March 8, 2018

                                              U.S. District Judge Jennifer A. Dorsey

---

[5] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir .2013).

[6] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").