# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Manuel Melendez,<br><br>      Petitioner<br>v.<br><br>Dwight Neven, et al.,<br><br>      Respondents | Case No. 2:15-cv-02076-JAD-VCF<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss and Denying Motion for Leave to File Supplemental Response**<br><br>[ECF Nos. 57, 69] |

  Counseled petitioner and Nevada state prisoner Manuel Melendez brings a second amended petition for writ of habeas corpus under 28 U.S.C. § 2254[1] to challenge his 2010 conviction for lewdness with a minor under the age of fourteen.[2] Respondents move to dismiss his petition as time-barred,[3] and seven months after that petition was fully briefed, Melendez moved to file a supplemental opposition.[4] I deny Melendez's request to supplement for lack of good cause. I then grant in part and deny in part respondents' dismissal motion, finding that Grounds 3 and 4(A) relate back to the original petition but Grounds 1, 2, and 4(B) do not, and I instruct the parties to complete the merits briefing on Melendez's remaining claims.

## Background

  After a four-day jury trial, Melendez was convicted in 2010 in the Eighth Judicial District Court for Clark County of six counts of lewdness with a minor under the age of fourteen.[5] The state court sentenced Melendez to life with minimum parole eligibility after 10 years on each count, with count two running consecutively to count one and counts three to six running concurrently to count one. The judgment of conviction was entered on December 9, 2010.[6]

---

[1] ECF No. 51.
[2] ECF Nos. 19-6, 19-11.
[3] ECF No. 57.
[4] ECF No. 69.
[5] ECF No. 19-3.
[6] ECF No. 19-6.

1

Melendez appealed. In January 2012, the Nevada Supreme Court affirmed his convictions on five of the six counts but reversed on one count.[7] An amended judgment of conviction was entered on April 25, 2012, revising Melendez's sentence to life with minimum parole eligibility after 10 years on each of the five affirmed counts and all counts running concurrently.[8] He did not appeal the amended judgment.

Melendez filed a *pro se* state petition for writ of habeas corpus on April 20, 2012, seeking post-conviction relief.[9] The state court later appointed post-conviction counsel, Cal J. Potter, III., and Potter filed a supplemental petition in March 2013.[10] Following an evidentiary hearing and post-hearing briefs, the state court denied the state petition.[11] Melendez filed a post-conviction appeal. The Nevada Court of Appeals affirmed the state court's denial of relief.[12] A remittitur issued on November 17, 2015.[13]

On October 29, 2015, Potter filed Melendez's original federal habeas petition, which attached the written orders of the Nevada courts.[14] Eight months later, respondents were served with the petition and given 45 days to respond.[15] After three extensions of time,[16] respondents filed a motion to dismiss the petition in April 2017, arguing that claims were unexhausted and non-cognizable in federal habeas.[17] Potter sought and received three extensions of time to file Melendez's response,[18] but in August 2017 he moved to withdraw as counsel of record and stay

---

[7] ECF No. 19-10.
[8] ECF No. 19-11.
[9] ECF No. 20-1.
[10] ECF No. 20-2.
[11] ECF Nos. 21-1, 21-2, 22-1, 52-32, 52-33.
[12] ECF No. 62-27.
[13] ECF No. 62-33.
[14] ECF No. 1.
[15] ECF No. 5.
[16] ECF Nos. 9, 11, 13.
[17] ECF No. 16.
[18] ECF Nos. 24, 26, 28.

the proceedings to allow Melendez to retain new counsel.[19]  I granted Potter's request to withdraw, stayed the proceedings, and ultimately granted Melendez's request to appoint new counsel.[20]

On February 6, 2018, the Federal Public Defender was appointed through Attorney T. Kenneth Lee, and Melendez was ordered to notify the court whether he intended to oppose respondents' dismissal motion, amend his petition, or seek other appropriate relief, in which case the dismissal motion would be denied without prejudice.[21]  One month later, Lee sought leave to follow a two-step process of filing a protective amended petition, preserving all then-known claims and avoiding relation-back issues, and later filing a second amended petition after Lee had a full opportunity to investigate all of Melendez's claims.[22]  I found that the bifurcated amendment procedure was appropriate in this case.[23]  Although I granted leave to file a second amended petition, I advised that this was not an

> implied finding regarding the expiration of the federal limitation period or a basis for tolling until this deadline. Melendez at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established in this order. By setting a deadline to amend the petition, I make no finding or representation that the petition, its amendments, or its claims are not subject to dismissal as untimely.[24]

In November 2018, Melendez filed a second amended petition with four grounds for relief.[25]

Respondents have again moved to dismiss, this time arguing that the second amended petition is time-barred.  This motion was ripe for decision in July 2019.  Over seven months later, in February 2020, the Federal Public Defender filed a notice of appearance stating that Jonathan Kirshbaum would replace Lee as Melendez's lead counsel.[26]  On March 12, 2020,

---

[19] ECF Nos. 29–30.
[20] ECF Nos. 34, 39.
[21] ECF No. 41.
[22] ECF Nos. 42–43.
[23] ECF No. 44; *see also* ECF No. 45 (first amended petition).
[24] ECF No. 44; *see also* ECF No. 41 (previously providing the same admonition).
[25] ECF No. 51.
[26] ECF No. 68.

3

Kirshbaum filed a motion seeking leave to file a supplemental opposition to respondents' motion.[27] I first address Kirshbaum's recent motion before turning to the dismissal motion.

## Discussion

**A.     Melendez has not shown good cause to file a supplemental opposition.**

The Federal Rules of Civil Procedure and Local Rule 7-2 allow a motion, a response, and a reply. Supplemental filings, including "pleadings, briefs, authorities, or evidence," are expressly prohibited "without leave of court granted for good cause."[28]

Melendez's counsel Kirshbaum represents that, only days before seeking leave to supplement, he learned that "claims of innocence played a central role in this case."[29] He points to the arguments and evidence presented to the state court in support of Melendez's motion for acquittal or new trial and in post-conviction proceedings, and he asserts that a supplemental response will establish a gateway claim of innocence under *Schlup v. Delo*,[30] allowing Melendez to overcome any untimeliness. Kirshbaum states that, in the interests of justice, Melendez should not be deprived of the opportunity to present a *Schlup* gateway claim. Kirshbaum also wants more time to review the record and investigate Melendez's case. He therefore requests 60 days to file a supplemental opposition.

This case has been pending for more than four years and respondents' dismissal motion has been fully briefed for many months. Counsel's request does not demonstrate good cause for a do-over in strategy at this late stage. The arguments and evidence upon which he relies are not new as they were all available to his predecessor. But Lee filed a 14-page opposition relying on a different theory—equitable tolling. Where the only new development is an internal staffing change, the interests of justice do not support additional briefing. The request to permit supplemental briefing is therefore denied.

---

[27] ECF No. 69.

[28] LR 7-2(g).

[29] *Id.* at 2.

[30] "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" after the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *House v. Bell*, 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995)).

**B. Some of Melendez's claims are untimely.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for habeas petitions filed by state prisoners under 28 U.S.C. § 2254. The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review).[31]

The one-year period is statutorily tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending.[32] No statutory tolling is allowed for the time between finality of the appeal and (i) the filing of a petition for post-conviction relief or other collateral review in state court or (ii) the filing of a federal petition, because no state court application is pending during that time.[33] As a threshold matter, I find that the original petition was timely, filed but the amended petitions were not. Melendez filed both his state petition and the original federal petition before the dates of finality for his amended judgment and his post-conviction appeal. Thus, when he filed his original petition on October 29, 2015, no days had elapsed from the 365-day AEDPA limitation period. The filing deadline was statutorily tolled under 28 U.S.C. § 2244(d)(2) until November 17, 2015, when a remittitur issued on the post-conviction appeal. Absent any other tolling or delayed accrual, the AEDPA limitation period expired 365 days later on November 16, 2016.[34] The original petition was timely filed as this case was initiated in October 2015. But the first amended petition (filed March 9, 2018) and second amended petition (filed November 20, 2018) were submitted well after the AEDPA deadline expired.

*1. Melendez is not entitled to equitable tolling.*

Melendez asserts that he is entitled to equitable tolling based on Potter's abandonment from the filing of the original petition on October 29, 2015, until March 7, 2018, when Lee

---

[31] 28 U.S.C. § 2244(d)(1)(A).
[32] 28 U.S.C. § 2244(d)(2).
[33] *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999).
[34] 2016 was a leap year.

sought permission to use the bifurcated amendment procedure. Melendez contends that Potter failed to apply his federal habeas experience to his case because the original petition contained conclusory and nonsensical arguments that Potter knew or should have known were unacceptable, and Potter took no steps to cure the deficiencies. Respondents argue that Potter's actions do not constitute equitable-tolling-worthy abandonment. They add that, even if Potter had moved to amend the original petition in response to the April 2017 dismissal motion pointing out Melendez's poorly pled claims, the one-year statute of limitations had already expired. Thus, respondents maintain that Melendez would still have been required to meet the relation-back principles set forth in *Mayle v. Felix*.[35]

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases."[36] But equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing.[37] Equitable tolling is "unavailable in most cases,"[38] and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."[39] The petitioner ultimately has the burden of proof on this "extraordinary exclusion."[40] To satisfy it, he "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'"[41] In other words, he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.[42]

---

[35] *Mayle v. Felix*, 545 U.S. 644 (2005).

[36] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[37] *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[38] *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

[39] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

[40] *Id.* at 1065.

[41] *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)).

[42] *E.g.*, *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (untimeliness must be "caused by an external impediment and not by [petitioner's] own lack of diligence"); *Lott v. Mueller*, 304 F.3d 918, 922–23 (9th Cir. 2002) (court must examine whether, notwithstanding extraordinary circumstances, the petitioner could have filed a timely petition).

"Equitable tolling may be warranted in instances of unprofessional attorney behavior; however, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake."[43] The attorney's misconduct must be "a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation" to warrant equitable tolling.[44] Examples of egregious misconduct violating "fundamental canons of professional responsibility" include failures to perform reasonably competent legal work, communicate with clients, implement clients' reasonable requests, or inform clients of key developments in their cases, as well as the imperative "never to abandon a client."[45] However, where counsel's inaction had no effect on the timeliness of the petitioner's federal habeas filing, equitable tolling is not warranted.[46]

Melendez has not met the high threshold for equitable tolling because the record shows that Potter did not abandon him or commit misconduct. Potter preserved time on Melendez's AEDPA clock by filing the original petition even before the Nevada Court of Appeals issued a remittitur on post-conviction appeal. Potter submitted numerous filings after the original petition, including a formal status inquiry under LR 7-6(b) and an opposition to respondents' third request to extend time to respond to the petition.[47] The record demonstrates that Potter actively participated in this case until he was physically unable to do so. That is not

---

[43] *Doe v. Busby*, 661 F.3d 1001, 1011–12 (9th Cir. 2011) (citing *Spitsyn v. Moore*, 345 F.3d 796, 800–02 (9th Cir. 2003)); *see also Holland*, 560 U.S. at 651 (attorney's professional misconduct could "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling").

[44] *Doe*, 661 F.3d at 1012 (citing *Spitsyn*, 345 F.3d at 801).

[45] *Holland*, 560 U.S. at 652–53; *Porter v. Ollison*, 620 F.3d 952, 960 (9th Cir. 2010) (interpreting *Holland* to treat "violations of canons of professional responsibility" as evidence that attorney's conduct was "extraordinary"). *See also Spitsyn*, 345 F.3d at 800–02 ("extraordinary circumstances" sufficient to warrant equitable tolling where counsel failed to file client's habeas petition and ignored communications from client and client's mother).

[46] *United States v. Buckles*, 647 F.3d 883, 890–91 (9th Cir. 2011) (citing *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010) (counsel's failure to file a timely notice of appeal from a state conviction "had little to no bearing on [petitioner's] ability to file a timely federal habeas petition. Counsel's failure . . . simply meant that [petitioner] had one year from the expiration of his time to file a notice of appeal in which to initiate a federal habeas action—it did not prevent him from filing the petition.")).

[47] ECF Nos. 2, 3, 4, 8, 14, 23, 25, 27, 29, 30.

abandonment. Further, the sparse allegations in the original petition were not so conclusory as to constitute egregious misconduct. Some claims would likely have passed scrutiny. Notably, Potter focused on post-conviction claims of ineffective assistance of counsel ("IAC"), while Lee focused on substantive claims addressed in the direct appeal. Thus, it appears that Lee simply formed a different opinion about which grounds for relief were stronger on federal habeas review. Under these circumstances, equitable tolling is not appropriate and Melendez's second amended petition is time-barred unless his new claims relate back to the original petition.

### 2. *Only two of Melendez's claims relate back to the original petition.*

In ordinary civil proceedings, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief."[48] A pleading must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory."[49] In federal habeas proceedings, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts "requires a more detailed statement," as it "instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'"[50]

Congress has authorized amendments to habeas petitions consistent with the Federal Rules of Civil Procedure ("FRCP").[51] Under FRCP 15, an amendment filed after the statute of limitations has expired properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence."[52] For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims."[53] New claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial,

---

[48] Fed. Rule Civ. P. 8(a)(2).
[49] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quotation omitted)).
[50] *Mayle v. Felix*, 545 U.S. 644, 649 (2005).
[51] *Id.* (citing 28 U.S.C. § 2242).
[52] Fed. R. Civ. P. 15(c).
[53] *Mayle*, 545 U.S. at 659.

conviction, or sentence.[54] An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition.[55]

Respondents contend that Grounds 1 and 4(B) do not share a common core of operative facts beyond arising from the same prosecution, and they cannot relate back to non-existent claims. Ground 1 alleges that insufficient evidence was presented to sustain Melendez's convictions. He raised this substantive claim on direct appeal. Ground 4(B) alleges that trial counsel was ineffective for failing to obtain the eviction invoice for introduction at trial. He raised this IAC claim on post-conviction appeal. No sufficiency-of-the-evidence or IAC claim regarding the eviction invoice was raised in the original petition. So Grounds 1 and 4(B) do not relate back to the original petition.

Respondents argue that Ground 2 concerns a different time and type than any claim in the original petition. Ground 2 alleges that the state committed prosecutorial misconduct by not affording Melendez the opportunity to conduct effective cross-examination of the victim, A.C. Melendez contends that prosecutors deprived him of his right to conduct an effective cross-examination of A.C. because they introduced numerous hearsay statements under NRS 51.385[56]

---

[54] *Id.* at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial, conviction, or sentence.").

[55] *Mayle*, 545 U.S. at 650.

[56] NRS 51.385 addresses the admissibility of a child's testimony regarding sexual conduct and notice of a child's unavailability or inability to testify:

> 1. In addition to any other provision for admissibility made by statute or rule of court, a statement made by a child under the age of 10 years describing any act of sexual conduct performed with or on the child or any act of physical abuse of the child is admissible in a criminal proceeding regarding that act of sexual conduct or physical abuse if:
> (a) The court finds, in a hearing out of the presence of the jury, that the time, content and circumstances of the statement provide sufficient circumstantial guarantees of trustworthiness; and
> (b) The child testifies at the proceeding or is unavailable or unable to testify.
> 2. In determining the trustworthiness of a statement, the court shall consider, without limitation, whether:
> (a) The statement was spontaneous;
> (b) The child was subjected to repetitive questioning;
> (c) The child had a motive to fabricate;

after she was already excused as a witness. He raised this substantive claim on direct appeal. The original petition contained only two substantive claims and neither involved allegations of prosecutorial misconduct. The original petition did allege a due-process claim based on a failure to receive notification under NRS 51.385 as well as IAC claims for trial counsel's failure to object to a violation NRS 51.385 regarding A.C.'s testimony, to object to hearsay testimony of A.C.'s grandmother about A.C.'s statements, and to recall A.C. for cross-examination.[57] However, the legal theory—prosecutorial misconduct—and factual allegations in Ground 2 differ greatly from those in the original petition. So Ground 2 does not relate back to the original petition either.

Lastly, respondents assert that Grounds 3 and 4(A) cannot relate back to the conclusory allegations set forth in the original petition. The Ninth Circuit's recent en banc decision in *Ross v. Williams*[58] is instructive for these grounds. The Court held that a state appellate court's order, attached to a timely petition, was incorporated by reference for relation-back purposes under FRCP 10(c), 15(c)(1)(B), and 81(a)(4), 28 U.S.C. § 2242, and Habeas Rule 12.[59] The Court reasoned that, "[i]f a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back."[60]

*Ross* instructs courts to "follow two steps to determine whether an amended petition relates back to an original petition that relied on an appended written instrument to help set forth

---

      (d) The child used terminology unexpected of a child of similar age; and
      (e) The child was in a stable mental state.
   3. If the child is unavailable or unable to testify, written notice must be given to the defendant at least 10 days before the trial of the prosecution's intention to offer the statement in evidence.

[57] Grounds 3, 4, 8, and 9 of the original petition.

[58] *Ross v. Williams*, 950 F.3d 1160 (9th Cir., Feb. 24, 2020). On March 17, 2020, the Ninth Circuit stayed the mandate in *Ross* for 90 days to allow the respondents to file a petition for certiorari. Though I am not bound by the decision because of its procedural posture, I agree with its sound reasoning.

[59] *Id.* at 1167.

[60] *Id.*

the facts on which it based its claims": (1) courts "determine what claims the amended petition alleges and what core facts underlie those claims," and (2) "for each claim in the amended petition," courts examine "the body of the original petition and its exhibits" to see whether the pleading set out or attempted to set out "a corresponding factual episode" or "whether the claim is instead supported by facts that differ in both time and type" from those in the original petition.[61] "The central question under this framework is whether the amended and original petitions share a common core of operative facts, as those facts are laid out in the amended petition and 'attempted to be set out' in the original petition."[62] "Relation back may be appropriate if the later pleading merely corrects technical deficiencies or expands or modifies the facts alleged in the earlier pleading, restates the original claim with greater particularity, or amplifies the details of the transaction alleged in the preceding pleading."[63]

Melendez alleges in Ground 3 that he was denied his right to a fair trial because the jury relied on an improper jury instruction regarding sexual assault. He raised this substantive claim on direct appeal. In his original petition, Melendez alleged a violation of his constitutional rights because the trial judge instructed the jury on sexual assault even though prosecutors did not allege a crime of penetration. Attached to the original petition was the Nevada Court of Appeals' decision regarding Melendez's claim of an erroneous jury instruction:

> Melendez argues that the district court erred by instructing the jury on the definition of sexual assault, which allowed the jury to convict him for lewdness based on the uncharged and legally invalid offense of sexual assault. We disagree. The district court instructed the jury that Melendez was charged with lewdness, which involves committing a lewd or lascivious act other than an act constituting the crime of sexual assault. *See* NRS 201.230. The district court instructed the jury on the definition of sexual assault to help the jury understand and distinguish acts of lewdness from acts of sexual assault. We conclude that this instruction was not erroneous and his convictions were not based on the legally invalid theory of sexual assault….[64]

---

[61] *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(B); *Mayle*, 545 U.S. at 650) (internal quotation marks omitted).

[62] *Id.* at 1168.

[63] *Id.* (internal brackets, quotation marks, and citation omitted).

[64] ECF No. 1-1 at 28.

To the extent the original petition failed to provide sufficient allegations to plead a cognizable claim, the appellate decision supplied the necessary details to support it. Ground 3 of the second amended petition shares a common core of facts with the original petition and simply expands and modifies the relevant facts. Thus, Ground 3 relates back to the original petition.

Ground 4(A) alleges that trial counsel was ineffective for failing to challenge the inconsistent testimony of A.C. as well as testimony by A.C.'s aunt and grandmother about A.C.'s statements under NRS 51.385. He raised this IAC claim on post-conviction appeal. The original petition alleged two relevant IAC claims based on counsel's failure to object to the hearsay testimony of A.C.'s grandmother about A.C.'s uncorroborated statements or to object to the admission of A.C.'s testimony at trial without notice that she would not be testifying at a pre-trial NRS 51.385 hearing. Attached to the original petition was the Nevada Court of Appeals' decision regarding Melendez's IAC claim:

> Melendez argues his trial counsel was ineffective for failing to properly challenge admittance of the child victim's out-of-court statements pursuant to NRS 51.385. Melendez argues the statements were not trustworthy because there were inconsistencies between the various statements and because the victim's grandmother was not credible. Melendez also argues counsel should have sought further testimony from the child victim after the adult witnesses testified regarding her statements.[65]

To the extent the original petition failed to provide sufficient allegations to sufficiently plead the IAC claim set forth in Ground 4(A), the appellate decision supplied them. Because Ground 4(A) shares a common core of facts with the original petition and merely amplifies the relevant facts, this IAC claim relates back to the original petition.

**Conclusion**

IT IS THEREFORE ORDERED that:

1. Respondents' **Motion to Dismiss [ECF No. 57] is GRANTED in part**: Grounds 1, 2, and 4(B) are DISMISSED as time-barred.

2. Melendez's Motion for Leave to File Supplemental Response **[ECF No. 69] is DENIED**.

---

[65] ECF No. 1-1 at 4. The decision notes that A.C. made "multiple statements to multiple persons regarding the abuse," but Margarita and Adriana appear to be the only "adult witnesses" who testified at trial regarding A.C.'s statements. *Id.* at 4–5; ECF No. 51 at 27–29.

3. **Respondents have until May 25, 2020, to answer Melendez's remaining grounds for relief: Grounds 3 and 4(A).** The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. **Melendez will then have 30 days from the date of service of respondents' answer to file a reply**.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 24, 2020